[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10758
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20140-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEWIS LAMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2012)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

On December 15, 2005, a jury found Johnny Lewis Lamb guilty of four counts of a superceding indictment: Count 1, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); Count 2, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 3, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); Count 4, possession of firearms in furtherance of a drug trafficking crime, as set forth in Counts 2 and 3, in violation of 18 U.S.C. § 924(c)(1)(A)(I).  Lamb then pled guilty to Count 5 of the indictment, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

The District Court sentenced Lamb as a career offender, pursuant to U.S.S.G. § 4B1.1(a), because he was over 18 years of age at the time of the offenses and had at least two felony convictions for controlled substance offenses. Because the maximum penalty for the Count 4 offense was life imprisonment, his offense level was 37.  Given his criminal history category of VI, Lamb's imprisonment range under the Guidelines was 360 months to life.[1]

The District Court, granting Lamb a significant downward variance, sentenced him to concurrent prison terms of 120 months on Counts 1 and 3 and

---

[1] In addition, Lamb's conviction on Count 4 required a mandatory consecutive sentence of 60 months, raising the bottom of the Guidelines sentence range to 420 months.

121 months on Counts 2 and 5, and a consecutive term of 60 months on Count 4,[2] for a total term of imprisonment of 181 months.

Lamb appealed his convictions on Counts 1 - 4 and his sentence on Count 5, and this court affirmed.  *United States v. Lamb*, 214 Fed.App'x 908 (11th Cir. 2007).  On November 14, 2011, Lamb, proceeding *pro se*, moved the District Court to modify his sentencing package pursuant to 18 U.S.C. § 3582(c)(2), on the ground that Amendment 750 of the Sentencing Guidelines, a retroactive amendment that reduced the base offense levels for crack cocaine offenses, and the sentencing factors of 18 U.S.C. § 3553(a) warranted a reduction.  The court denied his motion, concluding that Amendment 750 was inapplicable because he had been sentenced as a career offender.  Lamb now appeals.  He argues that, even though he was a career offender, he qualifies for a sentence reduction under Amendment 750 because the starting point or basis of the District Court's determination of his sentences was U.S.S.G. § 2D1.1(which applies to drug offenses), not U.S.S.G. § 4B1.1.  Moreover, a reduction is necessary to satisfy the § 3553(a) factors and to alleviate the sentencing disparity between crack cocaine and cocaine powder.

---

[2] 18 U.S.C. § 924C)(1)(A)(i) provided a mandatory minimum sentence of "not less than 5 years" for the Count 4 offense, to be imposed "in addition to the punishment provided for such . . . drug trafficking crime," i.e., the offenses charged in Counts 2 and 3.

We are not persuaded.  The District Court lacked authority to reduce Lamb's Count 5 sentence based upon Amendment 750 because Lamb was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.  He would not have been eligible for relief even if he were not a career offender.  Why? His offense level was not calculated under U.S.S.G. § 2D1.1, but pursuant to U.S.S.G. § 2K2.1, which applies to the possession of firearms, and Amendment 750 has no application in sentencing range calculations made under § 2K2.1.

To the extent that Lamb simply asserts that he merits a sentence reduction based on § 3553(a) factors, his claim fails because a sentence adjustment under § 3582(c) is not a *de novo* re-sentencing; a court may apply the § 3553(a) factors only if it first has the authority to grant a reduction and then decides to reduce the sentence.

AFFIRMED.

4